IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BENJAMIN COXON,**

    **Plaintiff,**

vs.                                  Case No. 4:24cv167-RH-MAF

**UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA,**

    **Defendant.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is pro se, submitted a typed complaint to this Court, ECF No. 1, along with a motion seeking leave to proceed with in forma pauperis status, ECF No. 3. Good cause having been shown, Plaintiff's motion, ECF No. 3, is granted and Plaintiff is not required to pay the filing fee for this case.

Plaintiff's initial complaint has been reviewed. The complaint, ECF No. 1, is for the most part, incoherent. It is titled as a petition, but does not

request any specific relief.  The complaint also appears to list this Court as the "Respondent," and will more appropriately be construed as the Defendant.  However, Plaintiff does not provide a clear statement of facts which demonstrate a basis for suing the Court.

Moreover, Plaintiff appears to allege only that he was "harassed" at unspecified times between "2011 to 2024."  ECF No. 1 at 5.  He also said he had "multiple harassments during [most or all] days during February 5, 2024 to April 9, 2024."  *Id.*  Such an allegation is far too vague to state a claim.

Plaintiff also complains that "audio recordings" were created and made available to various federal agencies.  *Id.* at 6.  That general assertion is insufficient to state a claim.  Likewise, Plaintiff's contention that he attempted to "fulfill" document requirements is an incomplete allegation and does not state a claim against any person, entity, or the named Defendant.  *Id.* at 7.  Finally, Plaintiff said that he "sent [an email or emails] to" numerous federal departments.  *Id.* at 8.  That assertion does not reveal Plaintiff has been harmed or that his rights were violated.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which

may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d).  <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first class are "claim(s) based on an indisputably meritless legal theory," and the second class consists of "claims whose factual contentions are clearly baseless."  *Id.*  This case lacks both an arguable basis in law and is clearly removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990) (citing <u>Neitzke</u>).  As the factual allegations are incomprehensible and incomplete, dismissal of the complaint is appropriate.

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed with in forma pauperis status, ECF No. 3, be **GRANTED** and Plaintiff is not required to pay the filing fee for this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.